Andrea Lovell; AZ Bar No. 019882
alovell@littler.com
Sarah O'Keefe; AZ Bar No. 030131
sokeefe@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:     602.957.1801

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Hafner, an individual, | |
| Plaintiff, | Case No. |
| v. | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441 (FEDERAL QUESTION)** |
| ADP, LLC, a foreign corporation, | |
| Defendant. | (Maricopa County Superior Court Case No. CV2020-004580) |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

Defendant ADP, LLC ("Defendant") hereby removes the above-entitled action from

the Superior Court of the State of Arizona, County of Maricopa, to the United States District

Court for the District of Arizona.  Defendant makes the removal because this Court has original

jurisdiction under 28 U.S.C. § 1331 and the action is removable under 28 U.S.C. §§ 1441(a),

(c) and 1446, and Local Rule of Civil Procedure 3.6.  Defendant respectfully sets forth the

following specific grounds for removal on the basis of federal question jurisdiction.

1.      On April 10, 2020, Plaintiff Sean Hafner ("Plaintiff") filed a Complaint in the

Superior Court of Arizona, Maricopa County, styled *Sean Hafner, an individual, vs. ADP,*

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

*LLC, a foreign corporation,* Case No. CV2020-004580. A true copy of Plaintiff's Complaint (the "Complaint") is attached to this Notice of Removal as **Exhibit 1**.

2.     The Complaint alleges two federal law claims:

- Count 1:  ADA Violations
- Count 2:  Retaliation

3.     Plaintiff served a copy of the Complaint and Summons on Defendant ADP, LLC on April 30, 2020. A copy of the Summons, Civil Cover Sheet, and Certificate of Compulsory Arbitration, as well as the most recent version of the docket from the state court are attached as **Exhibit 2**. Defendant has attached to this Notice of Removal copies of all process, pleadings, and orders served on it in this action in accordance with 28 U.S.C. § 1441 (a) and Local Rule 3.6(b).

4.     This Court has original jurisdiction over the claims Plaintiff asserts against Defendant under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(a) because his claims involve federal questions via allegations that Defendant violated federal statutes – specifically, the Americans with Disabilities Act – in Counts 1-2.  A complaint that attempts to invoke the protection of federal law is sufficient on its face to create federal question jurisdiction. *See Burke v. Austin Independent School Dist.*, 709 F. Supp. 120 (W.D. Tex. 1987).  Federal court jurisdiction attaches even if the federal claim is without merit and is subsequently dismissed for failure to state a claim.  *Id.* at 122-25, n.1.  Accordingly, Defendant is entitled to remove this action under 28 U.S.C. § 1331.

5.     Notice of this removal is effected properly and timely pursuant to 28 U.S.C. § 1446 and Rule of Civil Procedure for the Superior Courts of Arizona 4.1(c) (4), because it is filed within 30 days after Defendant was served.

6.     Venue of this Action exists in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court is located within the District.

7.     Defendant has complied with the notice required under 28 U.S.C. § 1446(d), having served Plaintiff with a copy of the Notice of Removal of Civil Action (a copy of which

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

is attached as **Exhibit 3**), and filed the Notice to State Court of Removal of Civil Action in the Superior Court of Maricopa County, Arizona, (a copy of which is attached as **Exhibit 4**).

8.     Based on the foregoing, this Action is properly removed to this Court.

DATED this 20th day of May, 2020.


                                    /s/ Andrea Lovell
                                    Andrea Lovell
                                    Sarah O'Keefe
                                    LITTLER MENDELSON, P.C.
                                    Attorneys for Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and emailed a copy of same to the following if non-registrants, this day 20th of May, 2020 to:

THE FOSTER GROUP, PLLC
Troy P. Foster
Megan N. Weides
518 East Willetta Street
Phoenix, Arizona 85004
tfoster@thefosterlaw.com
mweides@thefosterlaw.com

Attorneys for Plaintiff


/s/ Suzy Walker


4819-6038-7259.1

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

# EXHIBIT 1

Troy P. Foster #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

COPY

APR 1 0 2020

CLERK OF THE SUPERIOR COURT
A. WELCOME
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| Sean Hafner, an individual,<br><br>                                    Plaintiff,<br><br>vs.<br><br>ADP, LLC, a foreign corporation,<br><br>                                    Defendant. | Case No.:<br><br>CV 2020-004580<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For his Complaint against ADP, LLC ("the Company"), Plaintiff Sean Hafner ("Plaintiff") alleges as follows:

### Background Allegations and Jurisdiction

1.      At all times relevant to this Complaint, Plaintiff resided in and is a citizen of Maricopa County, Arizona.

2.      At all times relevant to this Complaint, Plaintiff worked for the Company.

3.      At all times relevant to this Complaint, the Company was a corporation authorized to conduct, and was conducting, business in Maricopa County, Arizona.

4.      Plaintiff worked in the role as a customer service representative for the Company beginning on or around August of 2018.

5.      The Company terminated Plaintiff's employment on September 18, 2019.

6.      The Company employs 15 or more employees.

1

7.     The Company is not exempt from the Americans with Disabilities Act of 1990, as amended.

8.     The Company is an employer as defined in 42 U.S.C. § 12111.

9.     Plaintiff was an employee as defined in 42 U.S.C. § 12111.

10.     Plaintiff filed a Charge of Discrimination against the Company with the EEOC on or about February 6, 2020.  *See* Charge No. 540-2020-00062, attached as Exhibit 1.

11.     On February 25, 2020, the EEOC issued Plaintiff a Notice of Right to Sue, which is attached as Exhibit 2.

12.     Plaintiff's Complaint has been filed within 90 days from receipt of authorization to bring a civil action.

13.     Plaintiff has exhausted his administrative remedies.

14.     Jurisdiction and venue are appropriate in this Court.

**<u>Everything Changes with Plaintiff's Disabling Conditions.</u>**

15.     On or about November of 2018, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD") and Obsessive Compulsive Disorder ("OCD").

16.     In or around December of 2018, Plaintiff was experiencing symptoms of his conditions and requested a medical leave of absence.

17.     Plaintiff was directed to the Defendant's third-party provider to complete the process of obtaining approval for medical leave.

18.     While his request for leave was pending, a relative of Plaintiff passed away and he requested time away for bereavement.

19.     Plaintiff's supervisor contacted him several times, while he was out on bereavement, and asked for documentation of the relative passing away.

20.     Already dealing with his disabling conditions and a relative passing away, repeated calls from his supervisor just further exacerbated his conditions.

21.     As a result, Plaintiff inadvertently sent his supervisor incorrect documentation.

2

22.     When he discovered his err, Plaintiff attempted to correct it with his supervisor on multiple occasions, to no avail.

23.     Plaintiff subsequently took medical leave from on or about December 8, 2018 through early February of 2019.

24.     Notably, Plaintiff had another relative pass away prior to his diagnosis and neither his supervisor nor Defendant requested documentation for that bereavement time off.

### Your Time Is Up

25.     Plaintiff returned to work in February and did not experience any severe issues with his disabilities.

26.     As his conditions' symptoms can fluctuate, Plaintiff suffered another setback and requested another medical leave of absence.

27.     Plaintiff's leave was approved from May of 2019 though early July of 2019.

28.     On or about July 11, 2019, Plaintiff returned to work and presented Defendant a request for intermittent leave, as needed.

29.     Later that day, Plaintiff was called into a meeting with his supervisor and an HR employee.

30.     During that meeting, Plaintiff was told that he could not miss any more days of work and his request for intermittent leave was denied.

31.     Plaintiff continued to work and did not miss any more days.

32.     A few weeks later on July 29, 2019, Plaintiff was terminated anyway.

### Allegations Concerning Damages

33.     As a result of his termination, Plaintiff's medical condition worsened.

34.     Plaintiff's termination eliminated and/or reduced his future income and resulted in a loss of wages.

35.     Plaintiff's termination made finding replacement employment difficult.

36.     Plaintiff has suffered emotional distress, lost wages, and compensatory damages as a result of his termination.

3

## LEGAL CLAIMS

### Count One:  ADA Violations

37.    Plaintiff reincorporates allegations in paragraphs 1-36 as if fully set forth here.

38.    At all relevant times, Plaintiff had an impairment that substantially limited one or more life activities.

39.    Plaintiff's conditions substantially impair his brain's ability to think, process thoughts, and control feelings or impulses.

40.    Plaintiff's conditions are not temporary in nature and have no cure.

41.    At all relevant times, Plaintiff was qualified to perform the essential functions of his job with or without a reasonable accommodation.

42.    At all relevant times, Plaintiff had a qualifying disability pursuant to the ADA.

43.    The Company knew of Plaintiff's condition.

44.    Plaintiff made a request for accommodation with intermittent leave.

45.    The Company denied Plaintiff's request.

46.    The Company failed to engage in the interactive process.

47.    The Company terminated Plaintiff shortly after his accommodation request and immediately after his return from medical leave.

48.    Plaintiff is entitled to back pay, front pay, compensatory damages, and his reasonable attorneys' fees and costs.

### Count Two:  Retaliation

49.    Plaintiff reincorporates allegations in paragraphs 1-48 as if fully set forth here.

50.    Plaintiff engaged in protected activity when he requested an accommodation for his disabilities.

51.    Immediately upon his return from medical leave, Plaintiff was told he could no longer miss work.

52.     Further, Plaintiff was told his accommodation request for intermittent leave was denied.

53.     Plaintiff was terminated just a few weeks after he requested the accommodation.

54.     Plaintiff's termination is a direct result of his disabilities and request for an accommodation.

### Conclusion

THEREFORE, Plaintiff respectfully requests the following relief:

A.  A judgment in his favor against the Company;

B.  An award of back pay, front pay, and compensatory damages;

C.  Injunctive relief against the Company to prohibit future violations of the ADA;

D.  Pre- and post-judgment interest on award;

E.  Reasonable attorneys' fees and costs; and

F.  All other appropriate equitable relief.

DATED this 9th day of April, 2020.

The Foster Group, PLLC

/s/ Megan Weides
Troy P. Foster
Megan Weides
518 East Willetta Street
Phoenix, Arizona 85004
Counsel for Plaintiff

5

# EXHIBIT 1

## CHARGE OF DISCRIMINATION

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 540-2020-00062 |

**ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. SEAN HAFNER | (480) 254-8913 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 701 W GROVE PKWY 127, TEMPE, AZ 85283 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ADP LLC | 15 - 100 | (800) 225-5237 |

| Street Address | City, State and ZIP Code |
|---|---|
| 111 WEST RIO SALADO PARKWAY, TEMPE, AZ 85281 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest: 07-11-2019   Latest: 07-29-2019 |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above-named Respondent in or around August of 2018 as a Customer Service Representative.

In or around November of 2018, I was diagnosed with a disability. In or around December of 2018, I notified the Respondent as I requested time off through a medical leave. I was able to process my leave through a third party entity, The Reed Group, as a result, the Respondent had full knowledge of my disability and need for time away. In or around December of 2018, a relative passed away, as a result, I requested time away for bereavement. Shortly afterwards, while away on bereavement, I was contacted by Marco Biljanic (Supervisor) on multiple occasions and asked for documentation supporting my absence. On or about December 8, 2018, due to Marco Biljanic's (Supervisor) constant attempts to contact me, the symptoms of my disability were exacerbated and I inadvertently sent him incorrect documentation. In addition, for reasons partly due to Marco Biljanic's (Supervisor) attempts to contact me, I requested a medical leave from approximately December 8, 2018 through early February of 2019. I was also on medical leave from May of 2019 through early July

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Sean Hafner on 02-06-2020 07:24 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA | |
| | | ☒ EEOC | 540-2020-00082 |
| ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION | | | and EEOC |
| State or local Agency, if any | | | |

of 2019.

Upon my return on or about July 11, 2019, I was called into a meeting with Mary Ann Zimmerman (HR) and Marco Biljanic (Supervisor), as part of my return to work. I had presented the Respondent with an additional request for intermittent leave as needed. During that meeting, I was told that I could no longer miss any days of work. In addition, I was told that my accommodation request would not be provided. On or about July 20, 2019, I was called into a meeting with Mary Ann Zimmerman (HR) and Marco Biljanic (Supervisor) once again. During this meeting I was told that I was terminated without any discussion or prior warning.

Lastly, one point of contention that was mentioned was the incorrect documentation that was provided to the Respondent in or around December of 2018. Upon information and belief, I made Marco Biljanic (Supervisor) aware of the mistake, and attempted to correct it on multiple occasions. Marco Biljanic (Supervisor) never acknowledged my attempts. In comparison, a few months prior to my medical issues, I did have another relative that passed away. The Respondent treated me differently under those circumstances and provided the requested days without hesitation and did not request documentation.

I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990 as amended. I believe that I was retaliated against because I asked for a reasonable accommodation for intermittent leave in violation of the Americans with Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| Digitally signed by Sean Harrior on 02-06-2020 07:24 PM (EST) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group (800) 669-4000
Intake Information Group TTY. (800) 669-6820
Phoenix Status Line (602) 640-5300
TTY (602) 640-5072
FAX (602) 640-5071

Sean Hafner
701 W Grove Pkwy., 127
Tempe, AZ 85283

Subject: Dismissal of Charge
Charge Number: 540-2020-00062

Dear Mr. Hafner:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file, including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter and the enclosed documents will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within 90 days from the date that delivery of the Notice was attempted at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.

If you have any questions, please feel free to contact me at (602) 640-5028.

Sincerely,

FEB 2 5 2020
Date

Jeremy Yubeta
Supervisory Investigator

Cc:

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sean Hafner<br>701 W Grove Pkwy., 127<br>Tempe, AZ 85283 | From: Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2020-00062 | Jeremy A. Yubeta,<br>Enforcement Supervisor | (602) 640-5028 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Elizabeth Cadle,
District Director

FEB 2 5 2020
*(Date Mailed)*

*Enclosure(s)*

cc:    Helena Almeida,
Senior Counsel
ADP,
One ADP Blvd.
Roseland, NJ 07068

Troy P. Foster, #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*



COPY

APR 10 2020

CLERK OF SUPERIOR COURT

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN THE COUNTY OF MARICOPA**

| | |
|---|---|
| Sean Hafner, an individual | Case No.: |
| Plaintiff, | CV 2020-004580 |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| ADP, LLC, a foreign corporation,, | **(Jury Trial Demanded)** |
| Defendant. | |

The undersigned certified that she knows the dollar limits and any other limitations set forth by local rules of practice for the applicable superior court, and further certifies this case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure because the amount of the award sought exceeds the jurisdictional limit set forth in L.R. 3.10(a).

**DATED** this 9th day of April, 2020.

The Foster Group, PLLC

Troy P. Foster
Megan N. Weides
518 East Willetta Street
Phoenix, Arizona 85004
*Counsel for Plaintiff*

1

# EXHIBIT 2

Troy P. Foster #017229
Megan N. Weides, #033552
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com
mweides@thefosterlaw.com
*Attorneys for Plaintiff*

**ORIGINAL**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN THE COUNTY OF MARICOPA**

| | |
|---|---|
| Sean Hafner, an individual, | Case No.: |
| Plaintiff, | CV 2020-004580 |
| vs. | **SUMMONS** |
| | **(Jury Trial Demanded)** |
| ADP, LLC, a foreign corporation, | |
| Defendant. | |

**STATE OF ARIZONA TO:**

**ADP, LLC**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service upon you of the Summons and Complaint, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered on certified mail, or by publication-you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

1

1       YOU ARE CAUTIONED that in order to appear and defend, you must file an

2   Answer or proper response in writing with the Clerk of this Court, accompanied by the

3   necessary filing fee, with the time required, and you are required to serve a copy of any

4   Answer or response upon the Plaintiff's attorney.  ARCP 10(d); ARS section 12-311; ARCP

5   5.

    The name and address of Plaintiff's attorney is:

6

7   Troy P. Foster<br>Megan N. Weides<br>**The Foster Group, PLLC**<br>518 East Willetta Street<br>Phoenix, Arizona 85004

8

9

10

11      Request for reasonable accommodations for persons with disabilities must be made

12  to the division assigned to the case by the party needing accommodation or his/her counsel

13  at least three (3) judicial days in advance of a scheduled proceeding.  Request for an

14  interpreter for persons with limited English proficiency must be made to the division

15  assigned to the case by the party needing the interpreter and/or translator or his/her counsel

at least ten (10) judicial days in advance of a scheduled court proceedings.

16      YOU ARE CAUTIONED that in order to appear and defend, you must file an

17  Answer or proper response in writing with the Clerk of this Court, accompanied by the

18  necessary filing fee, within the time required, and you are required to serve a copy of any

19  Answer or response upon the Plaintiff's attorney. Rules 5 and 10(d), Ariz. R. Civ. Proc.,

20  A.R.S. 14 § 12-311.

    SIGNED AND SEALED this date of _____ APR 1 0 2020

21

22  CLERK OF THE SUPERIOR COURT

23  JEFF FINE, CLERK

Deputy Clerk

24

25

2

In the Superior Court of the State of Arizona

In and For the County of _Maricopa_

Case Number __CV 2020-004580__

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _Troy Foster / Megan Weides_ #

Attorney Bar Number __017229 / 033552__

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

_____

CLERK OF THE SUPERIOR COURT
FILED
APR 1 0 2020
A. McLoone, Deputy

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Sean Hafner | C/o The Foster Group 518 E Willetta St. | (602) 461-7990 | tfoster@thefosterlaw.com  mweides@thefosterlaw.com |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

ADP, LLC

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.**

☒ Amount Claimed $ _1,300,000_      ☐ Tier 1      ☒ Tier 2      ☐ Tier 3

## NATURE OF ACTION

**Place an "X" next to the <u>one</u> case category that most accurately describes your primary case. Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

## 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*

☐ 103 Wrongful Death\*

©Superior Court of Arizona In Maricopa County
ALL RIGHTS RESERVED

Page 1 of 3

CV10f – 010119

1    Troy P. Foster, #017229
     Megan N. Weides, #033552
2    **The Foster Group, PLLC**
     518 East Willetta Street
3    Phoenix, Arizona 85004
     Tel: 602-461-7990
4    tfoster@thefosterlaw.com
5    mweides@thefosterlaw.com
     *Attorneys for Plaintiff*



6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                     IN THE COUNTY OF MARICOPA

9    Sean Hafner, an individual                Case No.:
10
11                               Plaintiff,    **CERTIFICATE OF COMPULSORY**
                                               **ARBITRATION**
12   vs.

13   ADP, LLC, a foreign corporation,,         **(Jury Trial Demanded)**

14                               Defendant.

15          The undersigned certified that she knows the dollar limits and any other limitations set forth

16   by local rules of practice for the applicable superior court, and further certifies this case *is not*

17   subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil

18   Procedure because the amount of the award sought exceeds the jurisdictional limit set forth in L.R.

19   3.10(a).

            **DATED** this 9th day of April, 2020.
20

21                                  **The Foster Group, PLLC**

22

23                                  Troy P. Foster
                                    Megan N. Weides
24                                  518 East Willetta Street
                                    Phoenix, Arizona 85004
                                    *Counsel for Plaintiff*
25

                                      1



Select Language ▼

Powered by Google **Translate**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-004580 | Judge: | Kemp, Michael |
| File Date: | 4/10/2020 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Sean Hafner | Plaintiff | Male | Megan Weides |
| A D P, L L C | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/4/2020 | AFS - Affidavit Of Service | 5/5/2020 | |
| **NOTE:** Certificate of Service by Private Process server | | | |
| 4/10/2020 | COM - Complaint | 4/13/2020 | |
| 4/10/2020 | CCN - Cert Arbitration - Not Subject | 4/13/2020 | |
| 4/10/2020 | CSH - Coversheet | 4/13/2020 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# EXHIBIT 3

1   Andrea Lovell; AZ Bar No. 019882
    alovell@littler.com
2   Sarah O'Keefe; AZ Bar No. 030131
    sokeefe@littler.com
3   LITTLER MENDELSON, P.C.
    Camelback Esplanade
4   2425 East Camelback Road, Suite 900
    Phoenix, AZ 85016
5   Telephone:   602.474.3600
    Facsimile:   602.957.1801
6
7   Attorneys for Defendant

8               SUPERIOR COURT OF THE STATE OF ARIZONA

9                        COUNTY OF MARICOPA

10

11  Sean Hafner, an individual,                Case No. CV2020-004580

12              Plaintiff,                      **NOTICE TO ADVERSE PARTY OF
                                                REMOVAL OF CIVIL ACTION TO
13  v.                                          FEDERAL COURT**

14  ADP, LLC, a foreign corporation,

15              Defendant.

16

17  **TO:   PLAINTIFF Sean Hafner and his counsel:**

18          PLEASE TAKE NOTICE that on May 20, 2020, Defendant ADP, LLC filed a Notice

19  of Removal of Civil Action under 28 U.S.C. §§ 1331, 1441(a), (c) and 1446, and Local Rule

20  of Civil Procedure 3.6, with the Clerk of the United States District Court for the District of

21  Arizona.  A copy of the Notice of Removal is attached as **Exhibit A**.

22          Please also take notice that the filing of the Notice of Removal with the Clerk of this

23  Court effects the removal of the action in accordance with 28 U.S.C. § 1446(d).

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1    DATED this 20th day of May, 2020.

2

3                                          /s/ Andrea Lovell
                                           _____
4                                          Andrea Lovell
                                           Sarah O'Keefe
5                                          LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant
6

7

8    ORIGINAL of the foregoing e-filed
     this 20th day of May, 2020; and

9    COPY of the foregoing emailed this
     same date to:

10

11   THE FOSTER GROUP, PLLC
     Troy P. Foster
     Megan N. Weides
12   518 East Willetta Street
     Phoenix, Arizona 85004
13   tfoster@thefosterlaw.com
     mweides@thefosterlaw.com
14
     Attorneys for Plaintiff
15

16   /s/ Suzy Walker
     _____
17   4852-7310-0987.1

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

# EXHIBIT 4

1   Andrea Lovell; AZ Bar No. 019882
    alovell@littler.com
2   Sarah O'Keefe; AZ Bar No. 030131
    sokeefe@littler.com
3   LITTLER MENDELSON, P.C.
    Camelback Esplanade
4   2425 East Camelback Road, Suite 900
    Phoenix, AZ 85016
5   Telephone:   602.474.3600
    Facsimile:    602.957.1801
6
7   Attorneys for Defendant

8                   SUPERIOR COURT OF THE STATE OF ARIZONA

9                              COUNTY OF MARICOPA

10

11  Sean Hafner, an individual,              Case No. CV2020-004580

12                  Plaintiff,               **NOTICE TO STATE COURT OF**
                                             **REMOVAL OF ACTION TO**
13  v.                                       **FEDERAL COURT**

14  ADP, LLC, a foreign corporation,

15                  Defendant.

16

17  **TO:   MARICOPA  COUNTY  SUPERIOR  COURT  CLERK  OF  THE  STATE  OF**
18        **ARIZONA**

19            PLEASE TAKE NOTICE that on May 20, 2020, Defendant ADP, LLC filed a Notice

20  of Removal of Civil Action under 28 U.S.C. §§ 1331, 1441(a), (c) and 1446, and Local Rule

21  of Civil Procedure 3.6, with the Clerk of the United States District Court for the District of

22  Arizona.  A copy of the Notice of Removal is attached as **Exhibit A**.

23            Please also take notice that the filing of the Notice of Removal with the Clerk of this

24  Court effects the removal of the action in accordance with 28 U.S.C. § 1446(d).

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    DATED this 20th day of May, 2020.

2

3                                            /s/ Andrea Lovell
                                            _____
4                                            Andrea Lovell
                                            Sarah O'Keefe
5                                            LITTLER MENDELSON, P.C.
                                            Attorneys for Defendant
6

7

8    ORIGINAL of the foregoing e-filed
     this 20th day of May, 2020; and

9    COPY of the foregoing emailed this
     same date to:

10

11   THE FOSTER GROUP, PLLC
     Troy P. Foster
     Megan N. Weides
12   518 East Willetta Street
     Phoenix, Arizona 85004
13   tfoster@thefosterlaw.com
     mweides@thefosterlaw.com
14
     Attorneys for Plaintiff
15

16   /s/ Suzy Walker
     _____

17   4831-5563-2827.1

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600